# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 14, 2021          Decided July 9, 2021

No. 19-7058

IN RE: DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION,

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-mc-01404)

*Anna St. John* argued the cause for appellants. With her on the briefs was *Theodore H. Frank*.

*Halle Edwards*, Student Counsel, argued the cause as *amicus curiae* in support of jurisdiction. With her on the briefs were *Erica Hashimoto*, Director, appointed by the court, and *Alexander Bodaken*, Student Counsel.

*Jeannine M. Kenney* argued the cause for appellees. With her on the brief were *Adam J. Zapala*, *Anton Metlitsky*, *Benjamin Bradshaw*, *Katrina M. Robson*, *Michael D. Hausfeld*, *Hilary K. Scherrer*, *Alden L. Atkins*, *Joshua S. Johnson*, and *Roberta D. Liebenberg*. *Ashley Robertson*, *Jonathan Hacker* and *Richard G. Parker* entered appearances.

Before: TATEL, RAO and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: Frank Bednarz and Theodore Frank are class action objectors in a multidistrict litigation proceeding that involves four airlines and millions of settlement class members. Bednarz and Frank have appealed the district court's order approving settlements between the plaintiffs and two airlines.

We hold that the court's order is not an appealable final judgment or interlocutory order. We therefore dismiss for lack of jurisdiction.

I

In 2015, plaintiffs in districts across the country filed class action complaints against four airlines: Southwest, American, Delta, and United. Each class action alleged the airlines violated Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3, by colluding to decrease capacity and raise prices.

These lawsuits were consolidated and transferred to the District of Columbia for multidistrict litigation proceedings. *In re Domestic Airline Travel Antitrust Litigation*, 140 F. Supp. 3d 1344 (J.P.M.L. 2015). By 2019, this litigation included 105 consolidated cases on behalf of more than 100 million settlement class members.[1]

The plaintiffs reached settlement agreements with Southwest and American. The district court preliminarily approved both settlements. *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656, No. 15-1404 (CKK)

---

[1] Settlement class members include anyone who purchased flights from the defendant airlines for a period after July 2011. *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656, No. 15-1404 (CKK) (D.D.C. May 9, 2019) (order).

(D.D.C. Jan. 3, 2018) (order); *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656, No. 15-1404 (CKK) (D.D.C. June 18, 2018) (order). Meanwhile, the litigation against Delta and United continued.

Under the proposed settlements, Southwest agreed to pay $15 million and American agreed to pay $45 million. The amount ultimately received by each settlement class member may increase at the close of litigation against Delta and United. Because the settling parties wanted to avoid piecemeal payments, the proposed settlements left open the question of how the funds should be allocated and distributed until the entire lawsuit concluded. *See In re Domestic Airline Travel Antitrust Litigation*, 378 F. Supp. 3d 10, 21-22 (D.D.C. 2019).

Bednarz and Frank objected to the settlements. They argued the settlement notice should have detailed how the funds would be distributed. In particular, they objected to the possibility of a cy pres distribution of funds to undisclosed recipients.

After a fairness hearing, the district court approved the settlements and rejected Bednarz and Frank's objections. *Id.* at 29-30. The court dismissed Southwest and American from the consolidated action but declined to make the dismissal a final judgment subject to appeal under Federal Rule of Civil Procedure 54(b). *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656, 2019 WL 5727957, at *7 (D.D.C. Nov. 5, 2019) ("this Court sees no reason to issue a Rule 54(b) judgment").

Nevertheless, Bednarz and Frank appeal.

4

II

Under 28 U.S.C. § 1291, federal circuit courts "have jurisdiction of appeals from all final decisions of the district courts of the United States." A district court's judgment is "final" when it disposes of all the claims and all the parties. *See* Fed. R. Civ. P. 54(b); *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 409 (2015) (a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). So as a general matter, when orders don't terminate all the claims and all the parties, we have no jurisdiction to review them.

Federal Rule of Civil Procedure 54(b) "relaxes" that "general practice." *Gelboim*, 574 U.S. at 409 (cleaned up). Even if a decision is not final, a district court may still "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). But Rule 54(b) has limits: A district court "may direct entry of a final judgment" for "fewer than all[] claims or parties only if the court expressly determines that there is no just reason for delay." *Id.*

Here, the district court's settlement approval order wasn't final under § 1291 because it dismissed claims against only two of the four defendants in the consolidated action. And the court expressly declined to enter a Rule 54(b) final judgment because it found "just reason for delay." *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656, 2019 WL 5727957, at *7 (D.D.C. Nov. 5, 2019) (cleaned up). Specifically, the court sought to "prevent[] a fragmented appeal with regard to issues that have been determined by this Court to be obviously premature." *Id.*

Bednarz and Frank argue that *Gelboim v. Bank of America* supports an additional appellate route unique to multidistrict litigation. There, antitrust plaintiffs filed a class action against banks. 574 U.S. at 408. Their antitrust class action was consolidated in multidistrict litigation with other cases alleging additional claims against those banks. *Id.* The district court later dismissed the antitrust plaintiffs' sole claim, which ended the entire lawsuit filed by the antitrust plaintiffs. *Id.* Because of the other parties' cases, the multidistrict litigation continued. *Id.*

The Supreme Court held that the dismissal order in *Gelboim* was final and appealable under § 1291 because it dismissed the plaintiffs' individual case "in its entirety." *Id.* at 413. Since "[c]ases consolidated for [multidistrict litigation] pretrial proceedings ordinarily retain their separate identities," *id.*, the order dismissing the plaintiffs' only claim ended the case "on the merits," *id.* at 414. And because the antitrust plaintiffs' entire suit was dismissed, no other orders in the proceedings would "qualify as the dispositive ruling [plaintiffs sought] to overturn on appeal." *Id*. at 415.

By clarifying that the ordinary requirements of finality apply to appeals from multidistrict litigation, *Gelboim* provides no support for Bednarz and Frank's argument. In fact, *Gelboim* undermines it. Here, unlike in *Gelboim*, later orders by the multidistrict litigation court or originating courts will relate to the plaintiffs' claims. That's because the order dismissed only two of the four defendant airlines. Because that order did not dispose of the consolidated action or any of the individual cases in their entirety, Bednarz and Frank may not appeal the court's settlement approval at this time.[2]

---

[2] *Cf. Gelboim,* 574 U.S. at 413 n.4 ("We express no opinion on whether an order deciding one of multiple cases combined in an all-

The court-appointed amicus alternatively argues that the settlement approval order is an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). That provision allows appellate courts to review "injunctions." 28 U.S.C. § 1292(a)(1). It also narrowly applies to certain interlocutory orders that have the "practical effect" of granting or refusing an injunction. *Carson v. American Brands, Inc.*, 450 U.S. 79, 83 (1981). An appellant can appeal such an order "only if it affects predominately all of the merits" or "might have a serious, perhaps irreparable, consequence, and . . . can be effectually challenged only by immediate appeal." *Salazar ex rel. Salazar v. District of Columbia*, 671 F.3d 1258, 1262 (D.C. Cir. 2012) (cleaned up); *cf. id*. at 1261 ("we must take care not to turn the barrier against piecemeal appeals into Swiss cheese").

This case is unlike *Carson*. There, "prospective relief was at the very core" of the interlocutory order. *Carson*, 450 U.S. at 84; *see also Salazar*, 671 F.3d at 1260, 1262. Here, the gist of the settlement agreements was the large amount of money the defendants agreed to pay the plaintiffs. And although the agreements require the settling defendants to cooperate with the plaintiffs during the ongoing litigation, that requirement is not at the agreements' "very core." *Carson*, 450 U.S. at 84. Further, the court's approval order didn't anticipate enjoining any party after distribution of the settlement funds. *Cf. In re Domestic Airline Travel Antitrust Litigation*, 378 F. Supp. 3d 10, 26 (D.D.C. 2019) (approving the settlements "despite the lack of injunctive relief"). We therefore do not have jurisdiction under § 1292(a)(1).

---

purpose consolidation qualifies under § 1291 as a final decision appealable of right.").

7

\*   \*   \*

The appealed order is not a final judgment.  We therefore dismiss for lack of jurisdiction.